IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC HALPRIN,

      Petitioner,

v.                                                  Civil Action No. **3:24CV751 (RCY)**

CHADWICK DOTSON,

      Respondent.

## MEMORANDUM OPINION

Eric Halprin, a Virginia state prisoner proceeding with counsel, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the County of Chesterfield, Virginia ("Circuit Court"). Respondent has moved to dismiss on the ground that, *inter alia*, the § 2254 Petition is barred by the one-year statute of limitations. For the reasons set forth below, the Motion to Dismiss ECF No. 11 will be granted.

## I. PROCEDURAL HISTORY

Halprin pled guilty to one charge of possession of child pornography and fourteen charges of possession of child pornography/2nd or subsequent offense. ECF No. 13-12, at 1. On July 17, 2020, the Circuit Court entered final judgment and sentenced Halprin to an active term of imprisonment of eight years. ECF No. 13-1, at 1–3. Halprin did not appeal.

Almost two years later, on July 12, 2022, Halprin, appearing *pro se*, filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. ECF No. 13-2, at 1. On March 30, 2023, the Supreme Court of Virginia dismissed Halprin's state petition for a writ of habeas corpus. ECF No. 13-3, at 1–6.

On October 27, 2024, Halprin, with counsel, filed his § 2254 Petition with this Court.  ECF

No. 1, at 1 (later amended to include Petitioner's signature, *see* Am. Pet., ECF No. 4.  In his § 2254

Petition, Halprin contends that he is entitled to relief on the following ground:

> Halprin's rights to the effective assistance of counsel under the Sixth Amendment of the United States Constitution were violated when trial counsel failed in his motion to suppress to contest whether law enforcement had consent to seize the computer . . . .

ECF No. 4, at 12.[1]

## II.  STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28

U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of

habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically, 28

U.S.C. § 2244(d) now reads:

**1.**    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

> **(A)**    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)**    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)**    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The Court employs the pagination assigned by CM/ECF.  The Court corrects the capitalization, spelling, and punctuation in quotations from the parties' submissions.

> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## A. Commencement and Running of the Statute of Limitations

Generally, Halprin would be required to file his notice of appeal within thirty (30) days after the entry of his criminal judgment on July 17, 2020. *See* Va. Sup. Ct. R. 5:9(a) (requiring a petitioner to file a notice for appeal within thirty days of the entry of judgment). This deadline was tolled for three days pursuant to the Supreme Court of Virginia Seventh Order Extending the Declaration of Judicial Emergency in Response to COVID-19. That order stated, in pertinent part, "beginning on July 20, 2020, for cases in the district and circuit courts, **there shall be no further tolling of statutes of limitation or other case-related deadlines**." *Ceriani v. Dionysus, Inc.*, 599 F. Supp. 3d 365, 368 (E.D. Va. 2022) (quoting In Re: Seventh Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency, July 8, 2020, https://www.vacourts. gov/news/items/covid/2020_0708_scv_seventh_order.pdf.). Therefore, under 28 U.S.C. § 2244(d)(1)(A), Halprin's judgment became final on Thursday, August 20, 2020, when the time to file a notice of appeal expired. *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking review expires."). One year later, on Friday, August 20, 2021, the federal limitations period expired. Therefore, Halprin's § 2254 Petition, which was not filed until October of 2024, is barred by the statute of limitations. And as explained below, contrary to his contention here, Halprin is not entitled to equitable tolling of the limitation period.

3

**B.  Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted).  The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  An inmate asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements of the test.  *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).  Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims."  *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Halprin contends that he is entitled to equitable tolling because he was abandoned by his post-conviction counsel, Vaughan[2] Jones.  ECF No. 4, at 15.  According to Halprin:

> Jones was hired by Halprin in 2020 to pursue post-conviction relief.  In March 2021, five months before Halprin's federal habeas deadline passed, Jones advised Halprin that trial counsel was ineffective for failing to properly cross-examine Morrison during the suppression hearing.  Halprin expressed to Jones that he wanted to pursue post-conviction relief.  Jones agreed to represent Halprin, told Halprin that he was moving to another state, but that he would continue to represent Halprin and pursue post-conviction relief.  Halprin never heard from Jones again and, unbeknownst to Halprin, his federal habeas deadline passed quietly.

ECF No. 4, at 15–16.  In his reply, Halprin states, "Jones and Halprin's subsequent attorneys including C. David Sands, Elliot Bender and Jimmy Turk never informed Halprin of his federal

---

[2] The Petition variously names Petitioner's attorney as "Vaughan C. Jones," *see* ECF No. 4, at 5, and "John Jones," *see id.* at 6, 15.  The record, however, confirms that Petitioner's attorney's proper name is Vaughan Jones.  *See* 2254 Pet. App., ECF No. 1-1.

habeas deadline despite Jones, Bender and Turk purportedly representing Halprin." ECF No. 15, at 4–5.[3]

The Court recognizes that attorney abandonment, in limited circumstances, can be egregious enough to constitute extraordinary circumstances that warrant equitable tolling. *See, e.g., Maples v. Thomas*, 565 U.S. 266, 281–82 (2012); *Holland*, 560 U.S. at 652; *Baldayaque v. United States*, 338 F.3d 145, 152–53 (2d Cir. 2003) (concluding that equitable tolling applied because counsel failed to, *inter alia*, file a § 2255 motion, conduct legal research, and speak to or meet with the petitioner); *United States v. Frank*, 23 F. App'x 659, 661 (9th Cir. 2001) (concluding that appointed counsel's failure to file a § 2255 motion justified the application of equitable tolling).[4]  No need exists to assess whether Vaughan Jones's lack of post-conviction assistance qualifies as an extraordinary circumstance, though, because Halprin has failed to show that he has been pursuing his rights diligently.[5]

---

[3] Halprin's ignorance of the federal statute of limitations does not provide a basis for tolling the limitation period. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003))).

[4] In his state habeas petition, Halprin stated under oath that:

> I initially hired and paid 2 separate lawyers to handle my habeas but the first attorney, [Vaughan] Jones III of 9520 Ironbridge Rd. Suite 204, Chesterfield, VA 23832, moved to Indiana after reviewing my case and giving me an analysis of my case.  Because he moved, he was unable to proceed with filing my habeas.  He moved in March 2021, the same month he sent me his analysis.  The second attorney that was hired and paid to handle my habeas with Elliot Bender of 6 West Broad St., Richmond, VA 23220.  He was hired in June of 2021 and didn't finalize his findings until April 15, 2022.  He then stated he didn't have enough time to file my habeas which resulted in me filing pro se.

ECF No. 13-2, at 11.

[5] As explained more fully below, the diligence detailed by the petitioner in *Holland v. Florida* stands in marked contrast to Halprin's allegations here.  *See* 560 U.S. 631, 635–44 (2010).  Holland provided the courts with a detailed description of his efforts to pursue habeas relief.  *See id.*  From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the

5

There is no suggestion that any of the post-conviction lawyers hired by Halprin were retained to represent him with respect to his federal habeas proceedings.  Indeed, given that Jones, Sands, Bender and Turk did not mention the federal habeas deadline to Halprin, the reasonable inference is that these individuals were not representing Halprin with respect to the federal habeas proceedings.  Furthermore, Halprin waited well over a year after the Supreme Court of Virginia dismissed his state petition to file his present § 2254 Petition.  *See LaCava v. Kyler*, 398 F.3d 271, 279 (3d Cir. 2005) (concluding inmate's twenty-one months of inactivity was irreconcilable with a finding of diligence).  "Simply put, [Halprin] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion."  *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011).  Accordingly, the Court agrees with Respondent that the § 2254 Petition is barred by the statute of limitations.

## III.  CONCLUSION

The Motion to Dismiss (ECF No. 11) will be GRANTED.  The § 2254 Petition will be DENIED.  The action will be DISMISSED.   A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

_____ /s/ RCY
Roderick C. Young
United States District Judge

Date:  June 9, 2025
Richmond, Virginia

---

pursuit of his legal remedy—removed from his case.  And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

6